**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SHAWN M. CALDWELL                                                                                        PLAINTIFF

4:22-cv-00298-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Shawn Caldwell, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is relatively young - only forty-two years old.  (Tr. 285.)  He is a high school graduate and earned a bachelor's degree in information technology.  (*Id.*)  He has past relevant work as data entry clerk, systems programmer, service clerk and loss prevention worker.  (Tr. 21.)

The ALJ[1] found Mr. Caldwell had not engaged in substantial gainful activity since September 15, 2019 - the alleged onset date.  (Tr. 13.)  He has "severe" impairments in the form of  degenerative disc disease of the cervical and lumbar spine; obesity; major depressive disorder; and generalized anxiety disorder.   (Tr. 14.) The ALJ further found Mr. Caldwell did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Part 404, Subpart P, Appendix 1.² (Tr. 14-17.)

The ALJ determined Mr. Caldwell had the residual functional capacity (RFC) to perform a reduced range of light work given his physical and mental impairments. (Tr. 17.) Given this RFC, the ALJ determined Plaintiff could no longer perform his past relevant work. Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based in part on the testimony of the vocational expert, (Tr. 47-48), the ALJ determined Mr. Caldwell could perform the jobs of production assembler, power screwdriver operator and router. (Tr. 23.) Accordingly, the ALJ determined Plaintiff was not disabled. (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to develop the record. (Doc. 11 at 5-12.) He argues that, because, *inter alia*, the ALJ "rejected the postoperative treating neurosurgeon's sedentary restriction as modified with 'outstretched reaching' . . . the record is devoid of any opinion evidence supporting the ALJ's MRFC." (*Id.* at 5-7.)

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). As the Commissioner points out, "It is the Plaintiff's responsibility to provide

---

²420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

specific medical evidence to support his claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)."  (Doc. No. 13 at 5.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains ample medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities. As the Commissioner correctly argues:

> Here, the ALJ had Plaintiff's hearing testimony (Tr. 29-46), pain questionnaire (Tr. 216-217), function report (Tr. 226-233), updated disability reports (Tr. 237-243, 247-252), medical records prior to and throughout the relevant period (Tr. 295-303, 308-314, 319-369, 374-378, 383- 405, 407-486, 500-506, 515-570, 585-601, 607-612), treating source statements from Kenneth Turner, M.D., Jessica McNeese, APN, and Paul Hickerson, Ph.D., LPC, CRC (Tr. 579-583), and the prior administrative medical findings of state agency medical and psychological consultants (Tr. 55-58, 66-69, 78-81, 89-92).

(Doc. No. 13 at 6.)

Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Accordingly, I find his argument to be without merit.

Plaintiff also argues that the ALJ incorrectly evaluated his subjective symptoms. (Doc. No. 11 at 12-19.) The ALJ analyzed Mr. Caldwell's symptoms in light of Social Security Ruling 16-3p. (Tr. 17.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984),

which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

I find the ALJ thoroughly evaluated Mr. Caldwell subjective complaints. (Tr. 17-21.) In doing so, the ALJ concluded:

> Thus, after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 21.)

The ALJ's conclusions are supported by the objective medical evidence. Magnetic resonance imaging revealed Plaintiff did have substantial back issues in October 2019. (Tr. 296.) However, Plaintiff underwent subsequent surgeries and the medical evidence reveals the surgeries were successful. Plaintiff's surgeon, Khaled M. Krisht, M.D., reported, "[Mr. Caldwell] has done

remarkably well with dramatic improvement in his neck pain in addition to significant improvement in his gait and early improvement in his fine motor skills in his upper extremities." (Tr. 374.)  Treatment records reveal Mr. Caldwell was seeing improvement through physical therapy, but - as the Commissioner points out – his participation was lacking.  (Tr. 388, 395-400.) More importantly, the post-surgery examinations reveal nothing disabling.  (Tr. 519, 526, 532-533, 539, 544-545, 557, 562-563.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.  Mr. Caldwell clearly has limitations.  However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

I also recognize Plaintiff has provided a Medical Source Statement suggesting greater limitation than that found by the ALJ.  (Tr. 581-582.)  In addressing this evidence, the ALJ stated, "The undersigned does not find these opinions persuasive. Theses opinions are not supported by treatment notes and the opinions are not consistent with the medical evidence or record including physical examinations of the claimant."  (Tr. 20.)  After careful review, I find no fault with the ALJ's assessment here.

Plaintiff clearly suffers from some limitation given the combination of his impairments. And his counsel has done an admirable job advocating for his rights in this case.  However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results

6

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 13th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE